IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAYMOND SEMINO,

        Petitioner,

vs.                               No. CV 19-0617 KG/JFR

RICHARD MARTINEZ, WARDEN, and
HECTOR BALDERAS, N.M. ATTORNEY GENERAL,

        Respondents.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court *sua sponte* on the Motion for Equitable Tolling filed by Petitioner, Raymond Semino (Doc. 1) ("Motion"). The Court will dismiss this proceeding without prejudice.

Semino's Motion states that he intends to file a federal habeas corpus petition challenging his state court criminal conviction on multiple grounds, including ineffective assistance of counsel. (Doc. 1) at 1-3. On July 9, 2019, the Court notified Petitioner Semino that it intended to recharacterize Semino's Motion as a first 28 U.S.C. § 2254 motion to vacate, set aside, or correct sentence. (Doc. 3) at 1. Pursuant to *Castro v. United States,* 540 U.S. 375 (2003), when

> a court recharacterizes a pro se litigant's motion as a first § 225[4] motion . . . the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 225[4] motion will be subject to the restriction on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 225[4] claims he believes he has.

*Id.* at 383. Consistent with *Castro,* the Court notified Semino that it intended to recharacterize his Motion as a first § 2254 motion and afford him an opportunity to withdraw the motion or to

amend it to add additional claims he may have. *See* Rule 2 of the Rules Governing Section 2254(c). Proceedings for the United States District Courts (providing that a petition must: "(1) specify *all grounds* for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner." (emphasis added)). The Court also informed Semino that if he failed to timely amend or withdraw his Motion, then Semino's Motion could be recharacterized and any subsequent § 2254 petitions will be subject to the restriction on "second or successive" petitions in 28 U.S.C. §§ 2244(b). (Doc. 3) at 2-3.

The Court granted Petitioner Semino leave to amend or withdraw his Motion, (Doc. 1), within twenty-one (21) days of the entry of the Order and provided him with the forms for a § 2254 petition. (Doc. 3) at 3-4. More than twenty-one days has elapsed, and Semino has neither amended nor withdrawn his Motion. Semino has not responded to the Court's Order or otherwise communicated with the Court in any way. The Motion filed by Semino is insufficient for the Court to discern or proceed on any issues or grounds that Semino might raise in a § 2254 challenge to his conviction and sentence. Therefore, the Court will decline to recharacterize Semino's Motion as a § 2254 motion and will dismiss this proceeding without prejudice. *Castro v. United States,* 540 U.S. at 383.

IT IS ORDERED that the Motion for Equitable Tolling filed by Petitioner, Raymond Semino (Doc. 1) is DISMISSED WITHOUT PREJUDICE, and a future filing by Petitioner Semino under 28 U.S.C. § 2254 will not be subject to the restrictions on second or successive § 2254 motions.

UNITED STATES DISTRICT JUDGE