IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAYMOND SEMINO,

    Petitioner,

v.                                                          Case No. 19-cv-00617-KG-JFR

RICHARD MARTINEZ,
NEW MEXICO ATTORNEY GENERAL,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Raymond Semino's Motion for Reconsideration, filed December 4, 2023. (Doc. 6) (Motion). For the reasons set forth herein, the Motion is not well taken and shall be denied. Semino may, however, commence a new case by filing a Petition for Habeas Corpus relief under 28 U.S.C. § 2254.

I.    Background

In July 2019, Semino commenced this case by filing a pleading titled "Motion for Equitable Tolling." (Doc. 1). On July 9, 2019, the Court entered an Order Pursuant *to Castro v. United States*, advising Semino that the Court intended to recharacterize the pleading as a first 28 U.S.C. § 2254 Petition. (Doc. 3) (the "*Castro* Order"). As explained in the *Castro* Order, this recharacterization is significant because it "means that any subsequent § 2254 motion will be subject to the restriction on 'second or successive' motions and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2254 claims he believes he has." (Doc. 3). The Court set a deadline for Semino to amend or withdraw his pleading to specify the grounds for relief. (Doc. 3 at 3). Semino did not file an amended pleading and on September 21, 2021, well after the deadline expired, the Court entered a Memorandum Opinion and Order of Dismissal, dismissing Semino's

proceeding *without prejudice*, specifically holding that the disposition of this case did not affect Semino's right to file a future § 2254 petition. (Doc. 4). In so doing, the Court held "The Motion filed by Semino is insufficient for the Court to discern or proceed on any issues or grounds that Semino might raise in a § 2254 challenge to his conviction and sentence." (Doc. 4 at 2). The Court entered a final judgment the same day. (Doc. 5).

More than two years later, Semino filed the Motion presently before the Court. He seeks reconsideration of the Court's decision to dismiss the proceeding and sets forth grounds for equitable tolling related to a potential § 2254 petition. (Doc. 6). Based on its timing and substance, the Motion arises Federal Rule of Civil Procedure 60(b).

II.     Analysis.

A. Rule 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure allows the Court to set aside a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Where, as here, a motion for relief under Rule 60(b) is filed more than a year after the judgment was entered, relief may only be granted under subsections (4), (5), and (6). Semino does not invoke subsections (4) and (5), in name or in theory and plainly they do not apply.

B. <u>Relief is not warranted under Rule 60(b)(6).</u>

Rule 60(b)(6) "grants federal courts broad authority to relieve a party from a final judgment "upon such terms as are just," provided that the motion is made within a reasonable time[.]" *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988) (internal quotation marks omitted). The Rule provides courts with authority to vacate judgments in extraordinary circumstances as necessary to achieve justice. *Id.*; *see Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996) ("Relief under Rule 60(b)(6) is appropriate when circumstances are so unusual or compelling that extraordinary relief is warranted, or when it offends justice to deny such relief."). Such circumstances are not present here.

Were the Court to vacate the judgment, the next step would be to order Semino to file a proper § 2254 habeas petition and address the $5.00 filing fee. But assuming Semino intends to pursue habeas relief, he may take those same steps and commence a new case to the same effect. As Semino neither filed habeas petition nor paid the filing fee before the Court entered the final judgment, he will suffer no prejudice vis a vis the one-year limitation period imposed on federal habeas corpus petitioners nor, to the extent it may be a consideration, will he suffer a financial loss. *See* 28 U.S.C. § 2244(d)(1) (establishing a one-year limitation period to file a § 2254 habeas petition); *see also Mayle v. Felix*, 545 U.S. 644, 650 (2005) (A habeas petition does not relate back, and thereby escape the one-year time limit, when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth). This is not an

3

extraordinary circumstance in which vacating the final judgment is necessary to achieve justice. The Court declines to exercise its authority under Rule 60(b)(6) and shall deny the Motion.

To facilitate Semino's ability to pursue habeas relief, if that is what he intends to do, the Court will include a § 2254 petition form and application to proceed in forma pauperis together with a copy of this Memorandum Opinion and Order. Semino may use the forms to commence a new habeas case.

IT IS THEREFORE HEREBY ORDERED that:

(1)  The Motion for Reconsideration (Doc. 6) is DENIED.

(2)  Together with a copy of this Order, the Clerk's Office should mail a blank § 2254 habeas petition and Application to Proceed in Forma Pauperis to Semino at his address of record.

_____
UNITED STATES DISTRICT JUDGE